UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MONICA NICOLE CAUSEY,                    :
                                         :
                 Plaintiff,              :
                                         :
v.                                       :       ACTION NO. 2:13CV444
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                 Defendant.              :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the defendant's Motion to Dismiss for Lack of Jurisdiction. (ECF Nos. 10, 11). By Order filed September 25, 2013, the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 14). For the reasons set forth below, the Court finds that the plaintiff's claims against the United States are barred by the Feres doctrine, Feres v. United States, 340 U.S. 135 (1950), and recommends that defendant's motion be granted.

FACTUAL AND PROCEDURAL HISTORY

On January 31, 2011, Chief Petty Officer Monica Causey ("Causey") and Petty Officer First Class Thomas Brandt ("Brandt") were involved in an automobile accident on Admiral Taussig Boulevard, near Naval Station Norfolk. (ECF No. 11-1 at

1

1, 3)[1].  Brandt, a Navy reservist, had been recalled to active duty on January 28, 2011, and was assigned to report for temporary duty on board Naval Station Norfolk.  Id. at 2. Causey, whose regularly assigned place of duty is also on board Naval Station Norfolk, is assigned to the Global Network Operations Command.  Her normal duty hours were 7:30 a.m. to 4:00 p.m.  Id. at 1.

On the date of the accident, Brandt's activation orders required him to report to the Navy Mobilization Processing Site on board Naval Station Norfolk by 7:30 a.m.  Id. at 2.  He was specifically authorized to use his privately owned vehicle, and was compensated via travel voucher, approved by his command and paid for by the Defense Finance and Accounting Service.  Id. Prior to his arrival, however, Brandt's vehicle rear-ended Causey's – who had been travelling to her place of duty – at approximately 6:57 a.m.  Id. at 1.

The collision occurred somewhere between the 1500 and 1600 block of Admiral Taussig Boulevard, a public highway which is part of the "primary route to Naval Station Norfolk," and "literally surrounded on all sides by Naval Station Norfolk." Id. at 3.  Additionally, the accident occurred within one-half mile from Naval Station Norfolk Gate 2, and less than two miles from Causey's and Brandt's respective places of duty.  Id.

---

[1] Citations are to the parties' stipulation of facts unless otherwise noted.

Following the accident, Causey reported to Sewell's Point Branch Medical Clinic, complaining of neck and back pain. <u>Id.</u> at 1-2. She has since received her medical care exclusively from the Navy at no cost to her. Additionally, though she alleges having been placed on limited duty for two consecutive terms since the accident (and hence did not receive special pay for sea duty), Causey has continued to receive her full military basic pay and allowances. <u>Id.</u> at 2.

Causey filed a Complaint in the Circuit Court for the City of Norfolk seeking recovery against Brandt for personal injuries and property damage. (ECF No. 1-2). On August 6, 2013, following a certification by the United States Attorney for the Eastern District of Virginia that Brandt was acting within the scope of his employment at the time of the incident, the United States filed a Notice of Substitution - substituting itself as defendant - and removed the case to this Court. (ECF Nos. 1, 2). Causey did not object or oppose the substitution by any separate pleading, and on September 10, 2013, the United States filed this Motion to Dismiss, arguing Causey's claims are barred by <u>Feres</u>. (ECF No. 10, 11). Causey responded on September 16, 2013. (ECF No. 12). The United States filed its reply on September 20, 2013. (ECF No. 14). Accordingly, defendant's Motion to Dismiss is ripe for judicial review.

3

## STANDARD OF REVIEW

In ruling on a motion to dismiss for lack of subject matter jurisdiction, plaintiff has the burden of proving that subject matter jurisdiction does exist. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Lack of subject matter jurisdiction necessitates dismissal. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768 (citations omitted). The motion to dismiss, in turn, should be granted pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citations omitted).

## RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Federal Tort Claims Act, codified at 28 U.S.C. § 2671-2680, operates as a limited waiver of the government's sovereign immunity for torts committed by its employees acting within the

4

scope of their employment. <u>See</u> <u>Hancox v. Performance Anesthesia, P.A.</u>, 455 F. App'x 369, 371 (4th Cir. 2011). That waiver, in turn, is subject to "a myriad" of legislative exceptions. <u>Id.</u> Most relevant here, however, the FTCA is also subject to "the occasional judicial exception, the most prominent and well-known of which is embodied by <u>Feres v. United States</u>, 340 U.S. 135 (1950)." <u>Id.</u>

The Court's decision in <u>Feres</u> established that service members may not recover from the Government for tortious injuries arising out of activities "incident to service" – a term best understood broadly. <u>See</u> <u>Hass v. United States</u>, 518 F.2d 1138, 1140 (4th Cir. 1975); <u>see also</u> <u>Cioca v. Rumsfeld</u>, 720 F.3d 505, 512-13 (4th Cir. 2013). The <u>Feres</u> doctrine, whose standard has not changed since it was first published, <u>see</u> <u>United States v. Johnson</u>, 481 U.S. 681, 686 (1987), is supported by broad public policy rationales. <u>Hancox</u>, 455 F. App'x at 371. Included among those, "disdain for state tort law concepts intruding upon the 'distinctively federal' relationship between the government and the members of its armed services, the availability of statutory veterans' benefits, and the subversion of discipline that could occur if service personnel were permitted to sue the government." <u>Id.</u> (quoting <u>Johnson</u>, 481 U.S. at 689-91).

In this case, it appears that the parties do not contest

that Causey was acting incident to her service in the United States Navy at the time of the accident.  The parties stipulated that Causey was on active duty and not on furlough at the time of the accident, and claims injury as a result of the negligence of another service member.  (ECF No. 11-1, at 1-2).  <u>Stansberry v. Middendorf</u>, 567 F.2d 617, 618 (4th Cir. 1978).  In her brief opposing the Motion to Dismiss, Causey did not attempt to rebut the United States' claim that her accident was incident to service.  Accordingly, the undersigned recommends the Court find the accident was incident to Causey's service in the Navy.

Rather, the primary contention, and indeed the dispositive factor here, is whether the United States – and not Brandt - is the proper defendant.  If Brandt was improperly certified as having been acting within the scope of his employment at the time of the incident, the United States would be an improper party, and <u>Feres</u> would not bar Causey's claims.  Although Causey did not separately object to substitution, her opposing brief argues that the Attorney General's certification of scope of employment was improper.  She urges the Court to reject substitution and permit the case to proceed in this Court against the originally named defendant, Brandt.[2]

---

[2] The Attorney General's certification of scope of employment "is conclusive . . . for purposes of removal to federal court . . . ." <u>Ross v. Bryan</u>, 309 F.3d 830, 835 (2002).  <u>See also Borneman v. United States</u>, 213 F.3d 819 (4th Cir. 2000).  Thus, if the United States were removed as a defendant in favor of Brandt, federal jurisdiction over Causey's claim would remain.

Hence, the relevant query is whether the underlying certification was appropriate. "Once the Attorney General or his delegate certifies that the defendant employee acted within the scope of his employment and the United States is substituted . . . the plaintiff can seek relief only against the government under the Federal Tort Claims Act." Ross v. Bryan, 309 F.3d 830, 833 (4th Cir. 2002). That certification, in turn, is conclusive unless challenged. See Ross v. Bryan, 309 F.3d 830, 833 (4th Cir. 2002); Gutierrez de Martinez v. D.E.A., 111 F.3d 1148, 1153 (4th Cir. 1997).

When challenged, the certification serves as prima facie evidence and shifts the burden of proof to the plaintiff to prove by a preponderance of the evidence that the defendant was acting outside the scope of his employment at the time of the incident. Id. In assessing whether the plaintiff has met this burden, "the district court should not defer to the Attorney General's certification, but should instead review the question de novo." Id. at 1154. The plaintiff's challenge to certification must include "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." Id. at 1155. Further, in reaching its determination, the Court must apply the law of the state where the conduct occurred. Id. at 1156.

7

In this case, Causey has failed to provide any specific evidence contradicting the underlying certification. Rather, relying on the stipulation and drawing heavily from Ross v. Bryan, 309 F.3d 830 (4th Cir. 2002), she has urged the Court to find that Brandt was merely commuting at the time of the accident. Under Virginia law, if Brandt were simply commuting, his actions would have been outside the scope of his employment, and would not properly be attributed to the United States under a theory of *respondeat superior*.[3]  (See ECF No. 12).

Although superficially similar, a close reading of Ross negates Causey's contentions. In Ross, the defendant had been temporarily assigned to attend military logistics school on the Little Creek Naval Amphibious Base near Norfolk, Virginia. His orders required him to live in government quarters for the duration of his schooling, and prohibited any reimbursement for the use of a personal vehicle. The logistics school lasted three months, from September to December, 1996, during which the defendant lived on base and travelled by various means between his quarters and the classroom each day. Near the end of his temporary assignment, defendant had been driving from his

---

[3] Under Virginia law, "to hold an employer liable for its employee's acts under the doctrine of *respondeat superior*, an injured party is required to establish that the relationship of master and servant existed at the time and with respect to the specific action out of which the injury arose." Smith v. Landmark Commc'ns, Inc., 246 Va. 149, 151, 431 S.E.2d 306, 307 (1993). Additionally, "[t]he mere act of travelling to work [is] not a natural incident" of an employer's business. Id. at 152, 431 S.E.2d at 308.

quarters directly to class when he was involved in an accident with plaintiff. Ross, 309 F.3d at 832-33.

Following a similar procedural trail as the case at bar, id. at 833, defendant was certified by the United States Attorney for the Eastern District of Virginia as having acted within the scope of his employment at the time of the accident. Plaintiff Ross challenged the certification, and the district court ultimately determined that defendant was not acting within the scope of his employment at the time of the accident. The Fourth Circuit affirmed, finding that under Virginia law, defendant – who had not yet arrived at his immediate place of duty, was not driving a government authorized vehicle, and was not reimbursed for any mileage incurred – was merely commuting to work. Accordingly, the United States was not properly substituted.

On appeal, the Fourth Circuit distinguished the facts of Ross from Wilkinson v. Gray, 523 F. Supp. 372 (E.D. Va. 1981). There, defendant Gray was acting under specific government oversight. Directed to drive to Norfolk to pick up and deliver mail and parts for his ship, Gray was given a per diem allowance for mileage, food, and lodging. Id. at 374. Gray was involved in an accident as he was returning from his delivery, and the court found he was acting within the scope of his employment at the time of the accident. Id.

Causey argues that the factors the Fourth Circuit relied on in distinguishing <u>Wilkinson</u> from <u>Ross</u> apply here. Namely, Causey contends that - like the defendant in <u>Ross</u> - Brandt "had not yet arrived at his immediate place of duty, he was not delivering supplies for his employer, he was not driving a government supplied vehicle, [and] there is no indication that he would be reimbursed for the mileage involved in his daily commute . . . ." (ECF No. 12 at 5). Of these claimed distinguishing factors, only one finds support in the facts.

It is true that Brandt had not yet arrived at his immediate place of temporary duty at the time of the accident. But unlike the defendant in <u>Ross</u>, his travel on the day of the accident was necessary to carry out his activation orders. Brandt was specifically directed to travel from his previous base and report for his first day of temporary duty, to bring with him certain documents and materials, and to complete his activation requirements on the date of the accident. (ECF No. 11-1 at 2). Additionally, while Causey urges the Court to speculate that "there is no indication that [Brandt] would be reimbursed for his daily commute," the stipulation of facts clearly indicates that Brandt submitted a travel voucher and was reimbursed by the Defense Finance and Accounting Service for the government travel which gave rise to this accident. <u>Id.</u> The suggestion that he might not be reimbursed for his "daily commute" merely serves to

highlight the fact that the driving which gave rise to the accident that occurred was not part of Brandt's "daily commute."

Further, unlike the defendant in Ross, Brandt was operating a government-authorized vehicle. Id. Additionally, Brandt was on travel status and received per diem payments from the Navy from January 28, 2011 (his activation date) until February 7, 2011. (ECF No. 13-2). Taken together, the facts of this case indicate that Brandt was acting pursuant to his activation orders and not merely commuting. See Barber v. Textile Mach. Works, 178 Va. 435, 17 S.E.2d 359 (1941) (holding employee acted within the scope of his employment when he drove personal automobile to factory on orders from corporation after completing assignment in another state); see also Taylor v. Robertson Chevrolet Co., 177 Va. 289, 294, 13 S.E.2d 326, 328 (1941) ("Servants on their master's business are protected from hazards incident to street travel.").

## RECOMMENDATION

Because Causey has not provided any "specific evidence" that contradicts the United States Attorney's certification that Brandt had been acting within the scope of his employment at the time of the accident, she has failed to meet her burden, and the undersigned recommends that the Court find that the United States is the proper defendant in this matter. Further, absent any evidence to the contrary, because Causey's injuries were

incurred in an activity "incident to service," her claim against the United States is barred by the <u>Feres</u> doctrine, and the undersigned recommends that the Court GRANT the United States' Motion to Dismiss.

<u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433

12

(4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                    /s/
                                  Douglas E. Miller
                                  United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October  2 , 2013

13